The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan Pittman. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
All stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
*************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On or about August 19, 1993, when the claimant was employed by the defendant, House of Raeford Farms, Inc., the claimant was stacking crates of chicken without ice. These crates weighed approximately fifty (50) pounds each. As the claimant was stacking these crates of chicken, and as he was holding a crate of chicken weighing approximately eighty (80) pounds, he slipped and lost his balance and, in the process, twisted, jerked and snatched his back in such a manner that his back was injured.
2. The incident described above was an accident and occurred in the course and scope of the claimant's employment with the defendant, House of Raeford.
3. At the time of the injury by accident described above, plaintiff had an average weekly income of two hundred eight dollars ($208).
4. After leaving work on August 19, 1993, after the claimant suffered his on-the-job injury, he went home where he continued to experience pain and discomfort in his back. Later in the evening, because of the increasing pain and discomfort in his back, he went to the emergency room at Sampson Memorial Hospital.
5. The claimant was unable to work and did not return to work until the day after Labor Day in 1993. When he reported for work, his supervisor, Jim Hendrix, told Mr. Costello to take a couple of days off. When the claimant did return to work, the employer fired the claimant and terminated his employment.
6. Although Mr. Costello continued to have pain and discomfort from his back, he subsequently obtained a job with Atlantic Coil Corporation which involved lighter duty work. This work effort was not successful however and, in addition to the low back problem suffered by the claimant as a result of his on-the-job injury for House of Raeford on August 19, 1993, the claimant did injure his right knee in an unrelated accident while working for Atlantic Coil Corporation.
7. This unrelated knee injury sustained at Atlantic Coil Corporation occurred on or about September 9, 1993. The claimant did not return to work for Atlantic Coil Corporation after that date.
8. Although claimant attempted to return to work for Atlantic Coil Corporation, even had it not been for his unrelated knee injury, the claimant could not have continued to work at Atlantic Coil Corporation successfully because of his back condition which occurred as a result of the injury while working for House of Raeford on August 19, 1993.
9. The claimant has not worked in any capacity since September 9, 1993.
10. Because the employer, House of Raeford, refused to provide medical attention to Mr. Costello, and because Mr. Costello is out of work, he could not afford immediate medical care and did not get the medical attention which he should have received until he began seeing Dr. Eddie Powell on or about March 10, 1994, except for three visits to Dr. Joseph R. Thomas who saw the claimant for the knee injury he sustained at Atlantic Coil but did not specifically treat Mr. Costello's lower back injury.
11. When Mr. Costello began seeing Dr. Eddie Powell on March 10, 1994, Dr. Powell ordered a MRI study of Mr. Costello's lumbosacral spine. This study, along with the various examinations of Mr. Costello by Dr. Powell, caused Dr. Powell to feel that Mr. Costello's lower back injury has rendered him unable to work.
12. The N.C. Industrial Commission finds as fact that as a result of Mr. Costello's on-the-job injury of August 19, 1993, and Dr. Powell's testimony, Mr. Costello is unable to work.
*************
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The claimant was involved in an on-the-job accident on or about August 19, 1993, when the claimant slipped and lost his balance while carrying a crate of chicken weighing approximately eighty pounds. N.C.G.S. § 97-2(6).
2. Plaintiff is entitled to temporary total disability benefits from August 19, 1993 and continuing at a rate of $138.67 per week until further order of this Commission. N.C.G.S. § 97-29.
3. The plaintiff is entitled to have the defendants provide all medical treatment arising from this injury by accident to the extent the treatment tends to effect a cure, give relief or lessen his disability. N.C.G.S. § 97-25.
4. The defendant is entitled to credit for that short period of time during which claimant attempted to return to work and was earning an income from Atlantic Coil Corporation.
*************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is GRANTED.
2. Plaintiff is entitled to compensation at the rate of $138.67 per week from August 20, 1993 and continuing until further order of this Commission. That portion of this compensation which has accrued shall be paid in a lump sum subject to the attorney's fee hereinafter provided.
3. Defendant is entitled to credit for that short period of time during which claimant attempted to return to work and was earning an income from Atlantic Coil Corporation.
4. Defendants shall pay all medical expenses incurred by the plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
5. An attorney's fee in the amount of twenty-five percent of the compensation awarded herein is hereby APPROVED for plaintiff's counsel, the accrued portion of the fee shall be deducted from the accrued benefits and thereafter the defendants shall forward every fourth check of compensation benefits to plaintiff's counsel until plaintiff is no longer entitled to compensation benefits.
6. Defendants shall pay the costs of this action.
FOR THE FULL COMMISSION
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________ J. RANDOLPH WARD COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 11/14/96
Filed Date: 3/10/97